


**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**KIMBERLY WILSON** **PLAINTIFF**

**V.** **CIVIL ACTION NO.:** 3:22-cv-255-DPJ-FKB

**KROGER LIMITED PARTNERSHIP I, D/B/A KROGER; DOE DEFENDANT 1; DOE DEFENDANT 2; DOE DEFENDANT 3; AND DOE DEFENDANTS 4-10** **DEFENDANTS**

---

**PLAINTIFF'S ORIGINAL COMPLAINT**
**(TRIAL BY JURY REQUESTED)**

---

**COMES NOW** the plaintiff, KIMBERLY WILSON (sometimes hereinafter referred to as "Plaintiff") by and through undersigned counsel and pursuant to the laws of the State of Mississippi and the Federal Rules of Civil Procedure, and files this Complaint against Defendants, Kroger Limited Partnership I, d/b/a Kroger, Doe Defendant 1, Doe Defendant 2, Doe Defendant 3 and Doe Defendants 4-10 (collectively hereinafter "Defendants"). In support thereof, Plaintiff would show unto this Honorable Court the following:

**I.**

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of costs and interest.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the counts giving rise to this claim occurred in Mississippi.

II.

**PARTIES**

3. Plaintiff, Kimberly Wilson is an adult resident citizen of Hinds County, Mississippi who may be contacted by and through her undersigned attorney.

4. Defendant, Kroger Limited Partnership I, is an Ohio entity with its principal place of business located within the State of Ohio. Upon information and belief, the partners of Kroger Limited Partnership I are: KRGP Inc. is the general partner. KRGP, Inc., is an Ohio Corporation with Ohio citizenship. There are no parent corporations or any publicly held corporations which own ten percent (10%) or more of its stock. The Kroger Co. is the limited partner. The Kroger Co., is an Ohio Corporation with Ohio citizenship. There are no parent corporations or any publicly held corporations which own ten percent (10%) or more of The Kroger Co.'s stock. This defendant is registered to do business in the State of Mississippi and may be served with process through its registered agent: CORPORATION SERVICE COMPANY, 109 Executive Drive, Suite 3, Madison, MS 39110.

5. Doe Defendant 1 is the individual, company or entity who caused the pallet to be defective at Kroger Limited Partnership I d/b/a Kroger (sometimes hereinafter referred to as "Kroger"), whose actions or inactions proximately caused Plaintiff's damages, and whose identity is not currently known despite good faith investigative efforts.

6. Doe Defendant 2 is the individual, company or entity whose responsibility it was to remove and/or cure the defective pallet from the Kroger located at 7045 Old Canton Road, Ridgeland, MS 39157, who had actual and/or constructive knowledge of same and failed to promptly remove the defective pallet and whose actions or inactions proximately

caused Plaintiff's damages, and whose identity is not currently known despite good faith investigative efforts.

7. Doe Defendant 3 is any management company which operated or took any role in the operation of Kroger located at 7045 Old Canton Road, Ridgeland, MS 39157, including but not limited to the supervision of any employee(s), janitor(s), sanitation personnel and/or independent contractor(s). Plaintiff has performed a good faith investigation to identify said person and/or company, but is currently unable to identify said person and/or company without discovery.

8. Doe Defendants 4-10 are other individuals, persons, businesses, corporate persons or entities who may be liable for all or part of the acts and/or omissions committed resulting in the subject incident which involved and resulted in the causes of action alleged by Plaintiff herein from which Plaintiff may seek recovery of damages.

**III.**

**FACTS**

9. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

10. At all times mentioned herein, Defendant, Kroger Limited Partnership I owned and operated a retail store known as Kroger located at 7045 Old Canton Road, Ridgeland, Mississippi 39157.

11. On or about August 12, 2021, Plaintiff, Kimberly Wilson was a business guest of the Kroger located at 7045 Old Canton Road, Ridgeland, Mississippi 39157.

12. At all relevant times, Kimberly Wilson was lawfully on the premises as an invitee and was in compliance with the laws of the State of Mississippi.

13. At all relevant times, Defendant, Kroger Limited Partnership I, d/b/a Kroger, invited the general public, including Plaintiff, to enter the premises of the Kroger located at 7045 Old Canton Road, Ridgeland, Mississippi 39157 for reasons mutually beneficial to Defendant, Kroger Limited Partnership I, d/b/a Kroger and Plaintiff.

14. Plaintiff, Kimberly Wilson was shopping at Kroger located at 7045 Old Canton Road, Ridgeland, MS 39157, when she attempted to grab a case of water that was situated on a pallet. As Plaintiff attempted to retrieve the case of water, a section of the pallet shifted causing Ms. Kimberly Wilson to lose her balance and crash to the floor. As Kimberly Wilson crashed backwards, the case of water fell and she used her hand to embrace the impact.

15. Unbeknownst to Plaintiff initially, apparently the pallet that Ms. Wilson stepped on was apparently damaged and/or defective prior to her stepping on it to retrieve said case of water. At all relevant times, the defect in the pallet was unbeknownst to Plaintiff. Moreover, due to the way the water was situated on the pallet, Kroger invited and expected customers to step up on the pallet to retrieve the cases of water for purchase. Moreover, upon information and belief, the conditions inside of Kroger are maintained by Defendant, Kroger Limited Partnership I.

16. Following the incident, it was learned that there were other guests and store employees who may have seen the incident described herein.

17. As a result of said accident and the acts and/or omissions of all Defendants, Kimberly Wilson sustained serious injuries which require continuing medical care. Kimberly Wilson suffered and continues to suffer from, but not limited to, back pain, neck pain, severe and continuing physical pain, swelling, stiffness, contusions, mental anguish,

loss of enjoyment of life, hedonic damages, medical bills, prescription drug costs and other damages more specifically set forth below and to be proven at trial. Furthermore, as her injuries develop Kimberly Wilson may suffer from permanent physical pain, impairment, disfigurement, and/or a loss of past, present and future income.

18. Plaintiff, Kimberly Wilson has been prescribed and has been taking medication as a result of the acts and/or omissions of all Defendants.

19. Kimberly Wilson has and will likely be forced to undergo physical therapy and rehabilitation as a result of the acts and/or omissions of all Defendants.

20. At all relevant times, Defendant, Kroger Limited Partnership I, was the owner of the Kroger location located at 7045 Old Canton Rd., Ridgeland, Mississippi, 39157. As owner, it was Defendant, Kroger Limited Partnership I's duty to make the premises reasonably safe, to inspect the premises for dangerous conditions and to remove dangerous objects from the store in a timely fashion. Defendant, Kroger Limited Partnership I, in its role as owner, failed to do what a reasonable, prudent owner would have done in the same or similar circumstances. The actions and/or inactions of this Defendant proximately caused Plaintiff's injuries and damages.

21. At all relevant times, Doe Defendant 1 was the individual, company or entity who caused the pallet to become defective at Kroger located on 7045 Old Canton Road, Ridgeland, MS 39157, and whose actions or inactions proximately caused Plaintiff's damages. The identity of this defendant is not currently known despite good faith investigative efforts. Doe Defendant 1 failed to do what a reasonable, prudent individual, company or entity would have done in the same or similar circumstances. Upon information and belief, Doe Defendant 1 was in the course and scope of the employment

with and acted in furtherance of the interests of Defendants, Kroger Limited Partnership I d/b/a Kroger on 7045 Old Canton, Rd., Ridgeland, MS 39157, Doe Defendant 2, Doe Defendant 3 and/or Doe Defendants 4-10 and/or was an apparent agent acting within his/her actual or apparent authority of Kroger Limited Partnership I, Doe Defendant 2, Doe Defendant 3 and/or Doe Defendants 4-10; therefore, these Defendants are liable for the negligence of its employee(s)/statutory employee(s)/agent(s) in failing to promptly repair or remove the defective pallet from the Kroger location. The actions and/or inactions of this defendant proximately caused Plaintiff's injuries and damages.

22. At all relevant times, Doe Defendant 2 was the individual, company or entity whose responsibility it was to remove the remove and/or cure the defective pallet from Kroger Limited Partnership I, d/b/a Kroger located at 7045 Old Canton Road, Ridgeland, Mississippi, 39157, at the time of the incident. Upon information and belief, Doe Defendant 2 had actual and/or constructive knowledge of the condition of the defective pallet, and failed to promptly repair or remove same. It was Doe Defendant 2's duty to make the premises reasonably safe, to inspect the premises for dangerous conditions and to remove dangerous objects from the store in a timely fashion. Doe Defendant 2 failed to do what a reasonable, prudent individual, company or entity would have done in the same or similar circumstances. Upon information and belief Doe Defendant 2 was in the course and scope of the employment with and acted in furtherance of the interests of Defendants, Kroger Limited Partnership I, Doe Defendant 1, Doe Defendant 3 and/or Doe Defendants 4-10 and/or was an apparent agent acting within his/her actual or apparent authority of Defendants, Kroger Limited Partnership I, Doe Defendant 1, Doe Defendant 3 and/or Doe Defendants 4-10; therefore, these Defendants are liable for the negligence of its

employee(s)/statutory employee(s)/agent(s) in failing to promptly remove and/or cure the defective pallet from the location of the Kroger located at 7045 Old Canton Road, Ridgeland, Mississippi 39157. The actions and/or inactions of this Defendant proximately caused Plaintiff's injuries and damages.

23. At all relevant times, Doe Defendant 3 was the management company which operated the Kroger located at 7045 Old Canton Road, Ridgeland, MS 39157. Doe Defendant 3's responsibility was to repair the defective pallet that was located at the Kroger located at 7045 Old Canton Road, Ridgeland, MS 39157. Upon information and belief, Doe Defendant 3 acted in furtherance of the interests of Defendants, Kroger Limited Partnership I, and/or Doe Defendants 4-10 and/or was an apparent agent acting within his actual or apparent authority of Defendants, Kroger Limited Partnership I, Doe Defendant 1, Doe Defendant 2 and/or Doe Defendants 4-10; therefore, these Defendants are liable for the negligence of its employee(s)/statutory employee(s)/agent(s) in failing to promptly remove or repair the defective pallet from the Kroger located at 7045 Old Canton Road, Ridgeland, MS 39157. The actions and/or inactions of this Defendant breached said duty and were the actual and/or proximate cause of the Plaintiff's injuries and damages.

24. As a result of the incident in question, Plaintiff also sustained economic damages, including but not limited to medical bills, prescription drug costs, travel costs to hospitals, doctors and physical therapy, and others. Plaintiff also sustained physical injuries; physical, conscience pain and suffering associated with these injuries; individual loss of wages; loss of enjoyment of life; hedonic damages; loss of credit worthiness; and others.

25. Plaintiff has suffered and will continue to suffer great physical pain, severe emotional distress, psychological distress, mental anguish, loss of enjoyment of life and other damages more specifically set for below as a result of this incident.

26. As a result of the Defendants' act(s) and/or omission(s), Plaintiff has sustained, and will likely continue to sustain economic as well as non-economic damages.

## IV.

## CLAIMS FOR RELIEF

### COUNT I - NEGLIGENCE

27. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

28. At the time and on the occasion in question, Defendants possessed a duty of ordinary care to (i) make their premises safe and to (ii) inspect the premises. Defendants breached their duties and were negligent in failing to do what a reasonable, prudent store and/or business establishment would have done under these circumstances.

29. Further, Defendants' act(s) and/or omission(s) proximately caused Plaintiff's injuries.

30. As a result of the act(s) and/or omission(s) of Defendants, Plaintiff sustained injuries, losses and damages.

### COUNT II - GROSS NEGLIGENCE

31. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

32. When viewed objectively, Defendants' act(s) and/or omission(s) involved an extreme degree of risk and constituted willful, wanton and reckless conduct under these

circumstances. To this end, Defendants' act(s) and/or omission(s) constitute gross negligence under Mississippi law.

33. The act(s) and/or omission(s) of Defendants constitute gross negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants resulted in the Plaintiff's losses and damages.

34. As a result of the act(s) and/or omission(s) of Defendants, Plaintiff sustained injuries, losses and damages.

**COUNT III - PREMISES LIABILITY**

35. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

36. At all relevant times, Plaintiff, Kimberly Wilson was an invitee of the defendants' establishment.

37. The duties which these Defendants owed constituted (i) a duty to make the premises reasonably safe; and (ii) a duty to inspect.

38. By a preponderance of the evidence, it will be established that these Defendants had actual and/or constructive knowledge of the defective pallet that was located at the Kroger located at 7045 Old Canton Rd, Ridgeland, MS 39157, prior to the incident.

39. These Defendants had actual and/or constructive knowledge that there was a defect in the pallet at the Kroger located at 7045 Old Canton Rd., Ridgeland, MS 39157, but failed to make the premises reasonably safe.

40. Prior to Plaintiff's arrival, these Defendants failed to inspect their premises to clear the establishment from defects for any meaningful period of time.

41. The act(s) and/or omission(s) of these Defendants proximately caused the occurrence of the incident in question.

42. As a result of the act(s) and/or omission(s) of Defendants, Plaintiff sustained injuries, losses and damages.

V.

DAMAGES

43. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

44. As a result of the act(s) and/or omission(s) of these Defendants, Plaintiff seeks the recovery of any and all kinds of general, compensatory, economic, expectation, statutory, incidental, consequential, lost profits, medical bills, pharmacy expenses, property damages, loss of wages, loss of credit worthiness and any other type of damages incurred as a result of this incident, including but not limited to the court's jurisdiction in actual damages, plus cost, interests, attorneys' fees and expenses, lost profits, expectation, statutory, incidental, consequential and other kinds of damages.

45. Plaintiff seeks an award in this action commensurate with the full extent of their injuries and damages.

PUNITIVE / EXEMPLARY DAMAGES

46. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

47. Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of Defendants constitutes willful, wanton, egregious and reckless conduct, an award of punitive damages is appropriate and necessary under these facts.

## RIGHT TO AMEND PURSUANT TO FED. R. CIV. P. 15

48. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff reserves the right to name additional defendants should later facts establish that others are liable herein.

## JURY TRIAL DEMANDED

49. Plaintiff demands a jury trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon final trial hereof, she be entitled to take, have and recover, of and from said Defendants the above damages, including economic, non-economic, actual, compensatory, punitive, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which she may show herself to be justly entitled.

Respectfully submitted, this the 11 day of May, 2022.

KIMBERLY WILSON, Plaintiff

By: Warren L. Martin, Jr.
Warren L. Martin, Jr.

**Of Counsel:**
Warren L. Martin, Jr. (MSB # 101528)
Robert E. Thompson, II (MSB #105731)
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone: (769) 257-6052
Fax: (769) 257-6596
Email: attywarrenmartin@gmail.com